

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00032-CR

Jemadari Chinua **WILLIAMS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR6613
Honorable Kevin M. O'Connell, Judge Presiding

PER CURIAM

Sitting:     Irene Rios, Justice
             Beth Watkins, Justice
             Liza A. Rodriguez, Justice

Delivered and Filed: May 15, 2019

DISMISSED FOR LACK OF JURISDICTION

The trial court imposed sentence in Cause No. 2018CR6613 on December 3, 2018. Because appellant did not file a motion for new trial, the notice of appeal was due to be filed on January 2, 2019. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on January 17, 2019. TEX. R. APP. P. 26.3. On January 17, 2019, appellant filed a "Notice of Appeal from Negotiated Plea." Appellant did not file a motion for extension of time.

On March 6, 2019, we issued an order in which we ordered appellant to show cause on or before March 21, 2019 why this appeal should not be dismissed for lack of jurisdiction. Appellant has not filed a response.

Because appellant did not timely file a notice of appeal or timely file a motion for extension of time, we lack jurisdiction to entertain this appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that if an appeal is not timely perfected, the court of appeals does not obtain jurisdiction to address the merits of appeal, and the court may take no action other than to dismiss appeal; an appellate court may not suspend rules to alter time for perfecting appeal); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions).

Accordingly, we dismiss this appeal for lack of jurisdiction.[1]

PER CURIAM

DO NOT PUBLISH

---

[1] We also note the trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's certification accurately reflects that the criminal case is a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2). Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).